**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT AT DAYTON**

| | | |
|---|---|---|
| **WILLIE GRANT,** | : | **CASE NO.: 3-19-CV-80** |
| Plaintiff, | : | **JUDGE WALTER H. RICE** |
| v. | : | **ANSWER OF DEFENDANTS CITY OF DAYTON, OFFICER JAMIE LUCKOSKI, AND OFFICER RANDY BETSINGER** |
| **MONTGOMERY COUNTY, OHIO, et al.,** | : | |
| Defendants. | : | |

Defendants City of Dayton, Officer Jamie Luckoski, and Officer Randy Betsinger ("Defendants"), submit the following as their Answer to Plaintiff's Complaint:

1. Defendants deny the allegations contained in paragraph 1.

2. Defendants deny the allegations contained in paragraph 2 to the extent that they imply that the Defendants acted unlawfully or in violation of the Plaintiff's rights.

3. Defendants deny the allegations contained in paragraph 3.

4. Defendants deny the allegations contained in paragraphs 4 and 5 to the extent that they allege that the Plaintiff has valid claims against the Defendants. Defendants admit the allegations contained in paragraphs 4 and 5 to the extent that this Court generally has subject matter jurisdiction over claims based in 42 U.S.C. Section 1983 and supplemental jurisdiction over pendant state law claims.

5. Defendants admit the allegations contained in paragraph 6.

6. Defendants admit the allegations contained in paragraph 7 to the extent that the Plaintiff is a citizen of the United States and appears to have resided in Montgomery County, Ohio.

7. Defendants admit the allegations contained in paragraph 8 to the extent that Defendant Officers Jamie Luckoski and Randy Betsinger are police officer employed by the City of Dayton, Ohio.

8. Defendants admit the allegations contained in paragraph 9 to the extent that Defendant Jamie Luckoski was employed by the City of Dayton as a police officer and is a person.

9. Defendants admit the allegations contained in paragraph 10 to the extent that Defendant Randy Betsinger is employed by the City of Dayton as a police officer and is a person.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 11 and 12.

11. The allegations contained in paragraph 13 do not require a response.

12. Defendants admit the allegations contained in paragraph 14 to the extent that the City of Dayton, Ohio is a political subdivision of the State of Ohio, which is organized under the Ohio Constitution, the Dayton Charter, and its legislation.

13. The allegations contained in paragraph 15 do not require a response.

14. Defendants admit the allegations contained in paragraph 16.

15. Defendants admit the allegations contained in paragraph 17 to the extent that they self-dispatched in response to a complaint that there were two males selling heroin from a burgundy Pontiac vehicle, located at or near 415 Negley Place.

16. Defendants admit the allegations contained in paragraph 18 to the extent that they did not call the number that the caller left prior to making contact with the Plaintiff.

17. Defendants admit the allegations contained in paragraph 19 to the extent that they located a burgundy Pontiac Grand Prix parked on a vacant lot adjacent to 415 Negley Place in Dayton, Ohio.

18. Defendants admit that the allegations contained in paragraph 20 to the extent that they pulled into the vacant lot to make contact with the occupants of the Pontiac Grand Prix. Defendants deny the remaining allegations.

19. Defendants deny the allegations contained in paragraphs 21 and 22.

20. Defendants admit the allegations contained in paragraph 23 that the Defendants exited the vehicle and upon approaching the Pontiac saw, in plain view, what they believed to be heroin and marijuana. The substances seen in the vehicle were later tested and confirmed to be marijuana, cocaine, carfentanil, morphine, and oxycodone. Defendants further admit that upon seeing the drugs in plain view, the Officers ordered the Plaintiff to exit the vehicle.

21. The Defendants admit the allegations contained in paragraph 24 to the extent that the Plaintiff, who had an outstanding warrant for his arrest, was arrested and eventually taken to the Montgomery County Jail.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 25, 26, and 27.

23. Defendants admit the allegations contained in paragraph 28 to the extent that the Pontiac Grand Prix was impounded. The Defendants deny that the vehicle was owned by the Plaintiff.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

25.     Defendants deny the allegations contained in paragraph 30 to the extent that the Plaintiff owned the Pontiac.  Defendants are without knowledge or information sufficient to forma belief as to the truth of the allegations contained in paragraph 30.

26.     Defendants deny the allegations contained in paragraph 31 to the extent that it alleges that the City of Dayton destroyed the Grand Prix or that it was owned by the Plaintiff.

27.     Defendants admit the allegations contained in paragraph 32 to the extent that approximately $4,530 in cash that was found in the Grand Prix along with the illegal drugs.  Defendants admit that the cash, along with the drugs were taken as evidence.  Defendants further admit that the cash was returned to the Plaintiff.

28.     Defendants admit the allegations contained n paragraph 33 to the extent that the Common Pleas Court granted a motion to suppress in the criminal case filed by the Montgomery County Prosecutor's Office.

29.     Defendants admit and deny the allegations contained in paragraph 34 to the same extent that they have admitted or denied the incorporated paragraphs.

30.     Defendants deny the allegations contained in paragraphs 35, 36, 37, 38, and 39.

31.     Defendants admit and deny the allegations contained in paragraph 40 to the same extent that they have admitted or denied the incorporated paragraphs.

32.     Defendants deny the allegations contained in paragraphs 41, 42, 43, 44, 45, 46 and 47.

33.     Defendants deny that the Plaintiff is entitled to any of the relief requested in the prayer/demand portion of the Complaint.

34.     Defendants deny each and every allegation that they have not specifically admitted as true.

## SECOND DEFENSE

35. The Complaint fails to set forth a claim upon which relief can be granted. Civ. R. 12(B)(6).

## THIRD DEFENSE

36. Defendants are immune from liability and/or damages.

## FOURTH DEFENSE

37. Plaintiff was negligent, contributorily negligent and/or assumed the risk.

## FIFTH DEFENSE

38. The injuries for which relief is sought in the Complaint were not proximately caused by the Defendants.

## SIXTH DEFENSE

39. Plaintiff failed to mitigate his damages, if any.

## SEVENTH DEFENSE

40. Defendants acted at all times in good faith.

## EIGHTH DEFENSE

41. Defendants' actions were reasonable at all times, and in compliance with federal, state, and/or local law.

## NINTH DEFENSE

42. Defendants acted with reasonable suspicion, reasonable belief, and probable cause.

## TENTH DEFENSE

43. Defendants are entitled to an absolute or qualified privilege.

## ELEVENTH DEFENSE

44. Defendants are immune pursuant to the provisions of R.C. Chapter 2744.

## TWELFTH DEFENSE

45. Defendants are entitled to contribution and/or indemnification.

## THIRTEENTH DEFENSE

46. Defendants are entitled to set off against any judgment awarded to Plaintiff, the amount of any benefits the Plaintiff is entitled to receive for injuries or loss allegedly incurred, from a policy or policies of insurance or from any other source.

## FOURTEENTH DEFENSE

47. Plaintiff's claims for punitive damages are barred by law.

## FIFTEENTH DEEFNSE

48. All of the injuries and damages alleged in the Complaint resulted from Plaintiff's own negligent, intentional, and/or criminal misconduct.

## SIXTEENTH DEFENSE

49. There has been no constitutional violation.

## SEVENTEENTH DEFENSE

50. Defendants are entitled to absolute and qualified immunity.

## EIGHTEENTH DEFENSE

51. Plaintiff's injuries and/or damages, if any, were proximately caused by superseding and/or intervening acts of others, and were not proximately caused by the Defendants' actions.

## NINETEENH DEFENSE

52. There has been a failure of process and/or service of process.

Respectfully submitted,

**BARBARA J. DOSECK**
**CITY ATTORNEY**

By /S/ JOHN C. MUSTO
John C. Musto (0071512)
Chief Trial Counsel
101 West Third Street
P.O. Box 22
Dayton, Ohio 45401
Tel. (937) 333-4100
Fax (937) 333-3628
john.musto@daytonohio.gov

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Defendants' Answer was sent via the Court's ECF System this 8th day of May 2019 to the following:

Mandy A. Jamison, Esq.
Jamison Law LLC
120 W. Second St, Suite 1408
Dayton, OH 45402
Attorney for Plaintiff

S/ JOHN C. MUSTO
John C. Musto (0071512)
Chief Trial Counsel